Citation Nr: 1749197 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 10-04 342 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to an increased rating in excess of 10 percent for a right thumb condition, listed as degenerative joint disease, Bennett's fracture of right thumb, postoperative. 

2. Entitlement to extraschedular rating for a right thumb condition, listed as degenerative joint disease, Bennett's fracture of right thumb, postoperative. 

3. Entitlement to extraschedular rating for a right wrist condition associated with degenerative joint disease. 


REPRESENTATION

Appellant represented by: Vietnam Veterans of America




WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

E. Miller, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1974 to December 1977. 

The case originally came to the Board of Veterans' Appeals (Board) on appeal from an April 2009 rating decision of the Veterans Affairs (VA) Regional Office (RO) in Waco, Texas, which granted service connection for a right wrist disability and a right thumb scar at 10 percent each, and continued a 10 percent rating for a right thumb disability. 

In April 2013 the Veteran testified at a Travel Board hearing before a Veterans Law Judge (VLJ). A transcript of the proceeding has been associated with the electronic claims file. The Veteran was notified that the VLJ is no longer with the Board and offered the opportunity to attend a new hearing. The Veteran did not respond, as such the Board is moving forward with the appeal. 

This case has been before the Board in September 2014 when the claims were remanded to obtain VA examinations. In an April 2016 Board decision, the Board denied to increase the evaluation ratings of each claim beyond the already assigned 10 percent rating and declined to send the claims for an extraschedular review. 

The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court) which granted a partial Joint Motion for Remand (JMR) in June 2017. The JMR vacated the Board's denial of a rating evaluation in excess of 10 percent for a right thumb disability and denial of referral for extraschedular consideration of the right thumb and right wrist disabilities, as well as extraschedular consideration for collective impact of all of the Veteran's service-connected disabilities. In the JMR, the Court also explained that the Veteran had chosen to withdraw his appeal for a rating in excess of 10 percent for a right wrist disability and in excess of 10 percent for right thumb scar evaluation, and an extraschedular appeal for right thumb scar. The Court remanded the claim to the Board for action consistent with the terms of the JMR. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

To determine whether a claim should be referred for consideration of an extraschedular rating requires an analytical process. First, a determination of whether the available applicable schedular rating criteria are inadequate because they do not contemplate the Veteran's level of disability and symptomatology must be made. If the rating criteria are inadequate, the Board must proceed to determine whether the Veteran exhibits an exceptional disability picture indicated by other related factors, such as marked interference with employment or frequent periods of hospitalization. If such related factors are exhibited, then referral must be made to the Under Secretary for Benefits or the Director of the Compensation Service for extraschedular consideration. Thun v. Peake, 22 Vet. App. 111 (2008). 

The JMR concluded that the Board did not provide an adequate statement of the reasons and bases for denying entitlement to an increased rating on an extraschedular basis for a right thumb disability, and a right wrist disability, as well as an extraschedular rating for the collective effects of all the Veteran's service-connected disabilities. Specifically, the JMR stated that while the Board denied the Veteran's claim for an increased disability rating, the question of whether the requirements under Thun were met with respect to marked interference with employability and current severity level of disability and symptomatology as described in the record was not adequately addressed. Therefore, a remand was required for further development and readjudication. 

The JMR referred to the Veteran's testimony from the April 2013 Board hearing regarding his inability to hold a pen to write, or to hold and lift a coffee cup, as examples of collective effects of the Veteran's hand and wrist disabilities which may not be contemplated by individual schedular disability evaluations and would thus meet a basic level of qualification for referral of the disabilities for evaluation on an extraschedular basis. Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2004). Without relying on the February 2015 VA examination, which has been deemed inadequate, but simply to refer to notes contained within it, the examiner noted that the Veteran now uses his non-dominant left hand more frequently to compensate for the functional limitation of his right thumb and hand disabilities to include pain, weakness, and incoordination. The Veteran has at least raised a reasonable claim for referral to extraschedular evaluation for his right thumb and right wrist disabilities to include assessment of the collective impact of the service-connected disabilities after he is afforded a new VA examination. 

Since the Board may not award extraschedular ratings in the first instance, the current claim must be remanded for initial adjudication by the Under Secretary for Benefits or the VA Director of Compensation Service. 38 C.F.R. § 3.321; Floyd v. Brown, 9 Vet. App. 88, 94 (1996). 

Additionally, the parties to the JMR indicated that the previous VA examination in February 2015 of the Veteran's thumb disability was inadequate, necessitating a remand for a new VA examination. The VA examiner failed to address loss of range of motion due to pain. Further, the Board notes that in Correia v. McDonald, 28 Vet. App. 158 (2016), the Court held that the final sentence of 38 C.F.R. § 4.59 creates a requirement that certain range of motion testing be conducted whenever possible in cases of joint disabilities. The final sentence provides that "[t]he joints involved should be tested for pain on both active and passive motion, in weight-bearing and nonweight-bearing and, if possible, with the range of the opposite undamaged joint." The Court found that, to be adequate, a VA examination of the joints must, wherever possible, include the results of the range of motion testing described in the final sentence of § 4.59. The new examination should also reflect findings required by Correia. 

Accordingly, the case is REMANDED for the following action:

1. Copies of updated treatment records, VA and non-VA, should be obtained and added to the claims folder. 

2. Thereafter, schedule the Veteran for a VA examination to determine the current severity of his service-connected disability of the right thumb, by an appropriate medical professional. All appropriate tests and studies shall be conducted. 

All relevant electronic records, including a copy of this remand, must be sent to the examiner for review.

The examination should be conducted in accordance with the current disability benefits questionnaire, to include compliance with 38 C.F.R. § 4.59 as interpreted in Correia. 

The examiner should report the ranges of motion of the right thumb on both (a) active motion and (b) passive motion and in both (c) weight-bearing and (d) non-weight bearing. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so. 

The examiner should also specifically answer the following question:

What is the extent of any additional limitation in motion of the right thumb due to weakened movement, excess fatigability, incoordination, or pain during flare-ups and/or with repeated use?

The Board recognizes the difficulty in making such determinations but requests that the examiner provide his or her best estimate based on the examination findings and statements of the Veteran, as such is required by the law as interpreted by the Court. 

The examiner must provide reasons for any opinion given. 

The examiner is advised that the Veteran is competent to report his symptoms and history, and such statements by the Veteran must be specifically acknowledged and considered in formulating any opinions concerning the severity of his disabilities. 

3. Following completion of the above and pursuant to 38 C.F.R. § 3.321(b), refer the claim for an extraschedular rating for right thumb disability, right wrist disability, to include consideration of the collective effects of all of the Veteran's service-connected disabilities, to VA's Director of Compensation Service for extraschedular consideration. 

4. Thereafter, readjudicate the right thumb claim remaining on appeal. If the benefits sought remain denied, issue a supplemental statement of the case and provide the Veteran and his representative the requisite period of time to respond. The case should thereafter be returned to the Board for further appellate review, if otherwise in order. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).